UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDIT IDALIA TROCHEZ SANCHEZ, and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

NESTOR CHAYELE and YOLANDA GOMEZ,

        Defendants.

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, EDIT IDALIA TROCHEZ SANCHEZ, through undersigned counsel, files this Complaint against Defendants, NESTOR CHAYELE and YOLANDA GOMEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant NESTOR CHAYELE resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant YOLANDA GOMEZ resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for the relevant time period.

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff EDIT IDALIA TROCHEZ SANCHEZ worked for Defendants as a domestic live-out housekeeper from on or about August 1, 2005, through on or about March 7, 2016.

10. 29 U.S.C. § 202(a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendants is covered under the Fair Labor Standards Act.

11. 29 C.F.R. § 552.99 states, "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

12. Additionally, Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Individual Defendant, NESTOR CHAYELE, was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

14. Individual Defendant, YOLANDA GOMEZ, was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

15. Between the period of on or about August 1, 2005, through on or about December

31, 2015, Plaintiff EDIT IDALIA TROCHEZ SANCHEZ worked an average of 55 hours a week for Defendants and was paid an average of $10.00 per hour, but was never paid the extra half time rate any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable wage for each hour worked above 40 in a week for the entire time period alleged.

16.     Between the period of on or about January 1, 2016, through on or about March 7, 2016, Plaintiff EDIT IDALIA TROCHEZ SANCHEZ worked an average of 45 hours a week for Defendants and was paid an average of $10.00 per hour, but was never paid the extra half time rate any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable wage for each hour worked above 40 in a week for the entire time period alleged.

17.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121