UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21975-CIV-UU

EDIT IDALIA TROCHEZ SANCHEZ and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
        Plaintiffs, )
vs. )
)
NESTOR CHAYELE and )
YOLANDA GOMEZ, )
)
        Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS [DE13]**

    COMES NOW the Plaintiff, by and through the undersigned, in response to the above-described Motion filed by Defendants as [DE13], and in support thereof states as follows:

    1.    This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime wage violations under 29 U.S.C. §§ 201-216. [DE1].

    2.    Defendants moved to quash service of process and to dismiss Plaintiff's claim for insufficient service and insufficient service of process. [DE13].

    3.    On June 1, 2016, Plaintiff's initial Complaint was filed and summonses were issued thereafter. [DE1 and 4].

    4.    Under Fed.R.Civ.P. Rule 4(m), the Plaintiff has 90 days after filing the Complaint to serve Defendants, unless good cause is otherwise shown. The (90) day period of service expires on August 30, 2016. Therefore, as the (90) day period of service had **not** expired in relation to serving Defendants, Plaintiff intended to continue his efforts to effectuate service on Defendants.

    5.    Defense Counsel agreed to accept service on behalf of all Defendants in this matter as

of the July 21, 2016, via email, and Plaintiff's Counsel served Defense Counsel with Plaintiff's initial Complaint [DE1], summons issues by the Clerk as to each Defendant [DE4], and Plaintiff's Initial Disclosures and Trial Witness Lists (which was previously served on Defense Counsel on 7/8/16). **Therefore, Defendants' Motion to Quash is now moot and all Defendants have been served, by and through Defense Counsel, as of the date of July 21, 2016.**[1] *See attached* conferral emails by and between Counsel.[2]

6. Defendants also move to dismiss Plaintiff's claim for failing to state a cause of action for unpaid overtime wages based on claims that Plaintiff does not sufficiently plead willfulness in relation to the statute of limitations. [DE13].

7. There are sufficient allegations in the Complaint alleging the position Plaintiff had while employed by Defendants, the dates that Plaintiff was employed by Defendants, FLSA coverage/subject-matter jurisdiction, and allegations of willfulness.

8. At this point in light of the facts pled, Defendants are in a position to answer the Complaint and raise their affirmative defenses (i.e. statute of limitations, good faith, etc.) and, as the discovery process commences Plaintiff will need to take various depositions and engage in further discovery as to issues related to Plaintiff's adequately alleged Complaint.

9. Therefore, Defendants' Motion [DE13] should be denied in its entirety and the Court should order Defendants to file an Answer so that discovery can timely commence. Should the Court grant any relief, Plaintiff respectfully requests fourteen (14) days to file a First Amended Complaint.

---

[1] Plaintiff's process server prepared a responsive Affidavit in support of Plaintiff's Response in Opposition to Defendants' Motion to Quash [DE13]. As the issue of service is moot Plaintiff does not attach said Affidavit here so as not to burden the Court with unnecessary documents.

[2] The emails attached hereto are redacted in so far as they contain information regarding confidential settlement communications.

## **MEMORANDUM OF LAW**

<u>Motion to Dismiss Standard</u>.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiffs to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible

> grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

4

> face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also *Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*.

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA matters are quite straightforward types of claims, and in the instant matter, Defendant cannot claim it does not understand what the allegations are regarding Plaintiff's alleged employers during the relevant period alleged. As set forth below, Defendants have not shown as a matter of fact or law that dispositive relief is justified.

The Court should limit its analysis to the four corners of the Complaint and accept Plaintiff's allegations as true. Plaintiff has adequately pled the dates she worked for Defendants

5

and the position she held in Par. 9 and Pars. 15-16 also provide the average hours alleged per week and average rate of pay. [DE1]. Defendants can set forth in their Answer details why Plaintiff is not entitled to claim all years she is claim (i.e. statute of limitations). Plaintiff was employed by Defendants as a domestic live-out housekeeper and, as such, Plaintiff has also adequately pled the required FLSA coverage in Par. 10-12. [DE1]; *See also* 29 C.F.R. § 552.99. Defendants are in a position to set forth in their Answer details why Plaintiff (alleged to be a domestic live-out housekeeper) is not a covered employee under the Act. So long as Defendants refuse to stipulate to such facts, Plaintiff will need to conduct extensive discovery on such topics including but not limited to deposing various witnesses and, therefore, Defendants need file an Answer as they are able to respond and raise defenses.

Further to the above-described minimal pleadings standards in FLSA matters, Defendants cannot claim they do not understand what the allegations are. The FLSA requires claims for unpaid overtime compensation under the FLSA to be brought within two years of the violation, except that in cases involving willful violations of the FLSA, the limitations period is extended to three years. 29 U.S.C. § 255(a). As this Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007),  "[t]he issue of willfulness under § 255(a) is a question of fact  for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co*., 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129,  (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury

question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005). *See also Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). However, in the instant matter, Defendants want to go a step further before even allowing discovery at the dismissal stage. Defendants should not be permitted to dispose of the willfulness allegations when there has been no discovery (particularly depositions of the Defendants and their employees). After Plaintiffs have an opportunity to conduct discovery, Defendants will have ample opportunity at trial to defend against allegations of willfulness in relation to the three-year statute of limitations if justified.

The Court should reject Defendant's arguments concerning the statute of limitations (regarding whether a (2) or (3) year period applies), because such issue involves a willfulness determination. For example, Plaintiff has pled the period of employment that she worked for Defendants in Par. 9 and Pars. 15-16 also provide the average hours alleged per week and average rate of pay. In Par. 17, Plaintiff has also pled that Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act and, thus Plaintiff has adequately pled willfulness. *See* [DE1, ¶ 17]. Plaintiff is limited to the applicable statutory period based on the allegations in the Complaint and accordingly Plaintiff's claim was limited to that period as set for therein. The applicable statute of limitations is determined by a willfulness finding, which is properly made at trial by the jury; thus discovery is needed and dismissal is inappropriate and Defendants are able to raise the statute of limitations as one of their defenses. Just as with the allegations of willfulness, with

respect to the hours etc. upon which the claim is based, Defendants can either deny or admit the allegations. Defendants are in a position to deny same in their Answer if such is their contention. If it is true that Defendants' actions were done "willfully and intentionally" as alleged, the Plaintiffs would be entitled to utilize the entire (3) year statute of limitations (as opposed to a mere (2) years). Under Fed.R.Civ.Pro. Rule 8 *supra*, the Complaint contains and adequate "short and plain statement" setting forth entitlement to relief and which gives the defense fair notice of what the Plaintiff is claiming. See, *Swierkiewicz supra.*

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants Motion [DE13] in its entirety and Order Defendants to respond to the Complaint within ten (10) days of the Court's Order. Should the Court grant any relief, Plaintiff respectfully requests fourteen (14) days to file a First Amended Complaint.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/27/16 TO:**

**DAVID BRIAN HABER, ESQ.**
**201 SOUTH BISCAYNE BLVD., SUITE 1205**
**MIAMI, FL 33131**
**PH: 305-379-2400**
**FAX: 379-1106**
**EMAIL: DHABER@DHABERLAW.COM**

BY:__/s/____Rivkah F. Jaff_____
            **RIVKAH F. JAFF, ESQ.**